[Civ. No. 40898. Second Dist., Div. One. July 13, 1973.]

ROGENE TURNER, Plaintiff and Respondent, v.
INVESTORS SYNDICATE LIFE INSURANCE AND
ANNUITY COMPANY, Defendant and Appellant.

## COUNSEL

Shield & Smith and James W. McMahon for Defendant and Appellant.

William T. Anderson for Plaintiff and Respondent.

## OPINION

**LILLIE, J.**—This action involves the construction of language limiting coverage under a life insurance policy. It was submitted for decision on stipulated facts and other documentary evidence. From a judgment in favor of plaintiff-beneficiary defendant appeals.

The background facts are undisputed: On June 4, 1967, the deceased made written application to defendant for a life insurance policy; on the same date he filled out a medical questionnaire, paid a monthly premium of $17.54 and was issued a conditional receipt (numbered 400733) signed by one Zwissler, a duly authorized agent of defendant. The conditional receipt stated in pertinent part, "The insurance shall be effective as of the date of this receipt or the date of completion of medical examination ordinarily required by Company, whichever is later," provided the company shall be satisfied (on completion of the examination) that the applicant is insurable "on said date." On June 8, 1967, the deceased was given a medical examination by a physician of defendant's selection; thereafter, on August 15, 1967, he was issued a policy the proceeds of which were payable upon his death to his wife (plaintiff herein). The policy differed in certain respects from that originally applied for—the monthly premium was slightly higher and, as noted in the policy transmittal sent to

Zwissler, there were these further changes: "Policy rated table D because of medical history. ADB [Accidental Death Benefits] and WP [Waiver of Premium] denied because of medical history." Finally, under "Miscellaneous Provisions" it was provided that "In the event of the suicide of the insured, sane or insane, within one year after the date hereof, the amount payable under this policy shall be equal to the premiums paid hereon and no more." On June 17, 1968, the insured committed suicide—the cause of death was a self-inflicted gunshot wound.

It is contended by defendant that the effective date of the policy was August 15, 1967, when the policy was delivered in its modified form; therefore, since the suicide occurred within one year from such date, under the above-quoted exclusionary clause plaintiff was entitled only to the amount of premiums paid. Plaintiff's position is that as ordinary lay persons both she and her husband properly presumed that payment of the first monthly premium in advance carried with it immediate commencement of coverage—if not from the date of such payment (June 4, 1967), then at least from the date of the medical examination (four days later); and although defendant may have reserved the right to subsequently modify or cancel said policy, defendant failed to meet its obligation of "bring[ing] to the attention of the insured all provisions and conditions which create exceptions or limitations on the coverage." (*Young* v. *Metropolitan Life Ins. Co.*, 272 Cal.App.2d 453, 461 [77 Cal.Rptr. 382, 78 Cal.Rptr. 568].)

■ The trial court did not adopt the argument based on the *Young* case; instead, it found that the limitation phrase in the suicide clause, "within one year after date hereof," created an ambiguity—did it refer to the date of the medical examination mentioned in the conditional receipt and completed on June 8, 1967, or did it refer to the date of the modified policy issued on August 15, 1967? Resolving such ambiguity against the defendant which drafted the documents, the court found in plaintiff's favor. Subsequent findings of fact and conclusions of law were patterned after the court's memorandum of decision wherein it was held that coverage existed pursuant to the principles set forth in *Ransom* v. *Penn Mutual Life Ins. Co.*, 43 Cal.2d 420 [274 P.2d 633], and followed in *Slobojan* v. *Western Travelers Life Ins. Co.*, 70 Cal.2d 432 [74 Cal.Rptr. 895, 450 P.2d 271]. We agree with this determination.

The provisions of the conditional receipt are comparable to those in *Ransom*[1] and *Slobojan*. In the former case the court predicated its decision,

---

[1]In *Ransom* the pertinent provisions are as follows: " 'If the first premium is paid in full in exchange for the attached receipt signed by the Company's agent when this application is signed the insurance shall be in force . . . provided the Company shall be satisfied that the Proposed Insured was at that date acceptable under the Company's rules for insurance . . . .' "

in part, upon the conclusion that the premium having been paid for insurance protection and the writings not clearly expressing an intent that the insurance not be effective forthwith, the provision that it should be effective as of the date of application "if" or "provided" the company was satisfied that applicant was insurable constituted a condition subsequent rather than precedent to the existence of insurance. In the case at bar there was similar language expressing a condition precedent: ". . . If Company shall be satisfied that on said date the person . . . proposed for insurance [was] insurable on the plan applied for and at the premium rate stated in the application." But such language is inconsistent with the provision that the company could, by later nonapproval, deny existence of insurance during that period—"If Company ordinarily would decline to issue a policy or would issue or issues a policy for other than the plan applied for or for other than the premium rate stated in the application, Company shall incur no liability hereunder except to refund the above payment upon surrender of this receipt."

Defendant contends that this latter provision removes the contradictory implications inherent in the conditional receipt and thus makes *Ransom* and *Slobojan* inapplicable. However, neither the stipulation of facts nor other evidence discloses that there was a "surrender of this receipt." Nor is there any showing that the policy lapsed for nonpayment of premiums.[2] To the contrary, defendant issued the policy on August 15, 1967; having done so, although different in certain minor respects from that applied for, it cannot now properly rely on this latter provision whereunder it "shall incur no liability hereunder . . . ."

Defendant either insured the deceased over the interim period of more than two months or it did not insure him during that interval; having obtained premiums for those two months, defendant's denial of coverage would be tantamount to an admission that it had dealt dishonestly with the insured unless, as here, it had the right to terminate and refund the premiums paid. Since it did neither, under *Ransom* and *Slobojan* coverage commenced immediately upon receipt of the application and payment of premium or, at the very least, upon completion of the medical examination. In this latter regard, compliance with accepted procedures would be adhered to: "It is common practice to provide in the *application* (offer by applicant) that if the first premium is paid in full the insurance shall be in force from a certain date (e.g., when physical examination is taken), subject to the insurer's satisfaction with the acceptability of the proposed

---

[2]At trial defendant's counsel conceded that payments of premiums totalling more than $152 were made over a period of 11 months.

insured." (1 Witkin, Summary Cal. Law (1960) § 38, p. 46.) Since coverage commenced immediately with the matters above set forth, so did the applicable clauses of the policy constituting such coverage; included, of course, is the suicide clause "within one year after date hereof."[3]

Earlier California cases and cases from other jurisdictions are cited by defendant in support of the claims advanced herein; however, they do not overcome the persuasiveness of the rulings in the two decisions relied on by the court below and adopted here.

The judgment is affirmed.

Wood, P. J., and Thompson, J., concurred.

---

[3]There is no merit to defendant's further claim that the following proviso in the conditional receipt also serves to defeat the instant claim by plaintiff: "This receipt shall be void if death is due to suicide or if it is given for check or draft which is not honored on presentation . . . ." Manifestly this refers to the interim period between the receipt of the application and payment by the maker's bank of any check tendered for the insurance sought.